**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| MANUEL OLIVERA-PAGAN, et als.<br><br>　　Plaintiffs<br><br>　　　　v.<br><br>MANATÍ MEDICAL CENTER, INC., et als.<br><br>　　Defendants. | CIVIL NO. 14-1553-FAB<br><br>Federal Tort Claims Act |

**MEMORANDUM IN SUPPORT OF MOTION TO ALTER AMENDED JUDGMENT**

**TO THE HONORABLE COURT:**

　　COMES NOW the United States of America (Dr. Hernan Fuentes-Figueroa) referred to as "Federal Defendant") **without submitting to the jurisdiction of the Court**, through the undersigned attorneys, and set forth as follows:

I. Introduction

　　Plaintiffs' Complaint is a medical malpractice tort case claiming $5,000,000.00 in damages against co-defendants, Obstetrician Dr. Hernan Fuentes-Figueroa (Dr. Fuentes), the *Ciales Primary Health Care Services, Inc.*, now known as *PryMed Medical Care, Inc.,* (hereinafter, "Ciales Health Center" or "CDT") and others.

　　On September 10, 2014, per Docket 12, the United States moved to dismiss the case for lack of subject matter jurisdiction for failure to serve the Attorney General and the United States Attorney as required by Rule 4(i) Fed. R. Civ.P. and for failure to exhaust the administrative remedies as required by the Federal Tort Claims Act [28 U.S.C.A. §§ 2671-2680, or "FTCA"] pursuant to the clear directives of 28 U.S.C. § 2675.

　　On November 21, 2014 Plaintiffs filed a Motion for Voluntary Dismissal (Docket 16). The Court granted the voluntary dismissal but dismissed with prejudice the claims against Dr. Fuentes and the Ciales Health Center (Docket 17); judgment was entered accordingly on November 24, 2014 (Docket 18).

　　Plaintiffs filed a motion for reconsideration on December 2, 2014 (Docket 19). In paragraph five (5) of said motion plaintiffs argued that the *Manati Medical Center, Inc.* is not covered under the FTCA. And without discussing the grounds for such conclusion, contended that the alleged acts or omissions of Dr. Fuentes while at the *Manati Medical Center, Inc.* are also unprotected under the Federally Supported Health Centers Assistance Act (FSHCAA),

42 U.S.C. § 233(g)-(n). On December 3, 2014, the Court granted the reconsideration (Docket 20).

Although the Federal Defendant filed a motion for reconsideration (Docket 21), the Court entered an Amended Judgment (Docket 22) dismissing the case without prejudice as to the *Manati Medical Center, Inc.* and against Dr. Fuentes for services performed in that facility.

For the arguments that follow, the Federal Defendant will show that Dr. Fuentes was also protected under FSHCAA, while performing services at the *Manati Medical Center*, and thus the civil action must be dismissed with prejudice.

II <u>Arguments</u>

  A. The Fact that the Conduct Occurred at *Manati Medical Center, Inc.*
     <u>And Not in the Ciales Health Center Does Not Preclude FTCA Coverage</u>

There is no question that the Ciales Health Center is a federally funded health center, fact admitted and undisputed by Plaintiffs in paragraph four (4) of their motion for voluntary dismissal (Docket 16).

The Health Center's FTCA coverage explicitly extends to its physicians when treating Health Center patients at private hospitals including *Manati Medical Center*. As part of its grant application to the Department of Health and Human Services, Health Resources Services Administration ("HHS"), the Health Center specifically applied for and was granted coverage extending to medical rounds and admitting patients at *Manati Medical Center*, where the treatment that is the subject of this complaint occurred. Specifically, the following activities are ***explicitly*** covered by its HHS grant (and thus, its FTCA coverage):

> Activity/Location #3: Admit Patients and Follow-up until discharge of patients. As part of his admitting privileges he also admit patients that are non- health center patients [at] Dr.'s Center Hospital and Manati Medical Center both located in Manati, PR.
>
> Activity/Location #4: Evaluation and Management of Patients, the Health Center providers see non-health center patients as part of his admitting privileges [at] Dr.'s Center Hospital and Manati Medical Center both located in Manati, PR.

<u>See</u> Grant Application, Grant Number H80CS00712, Form C, Other Locations Activities, attached hereto at <u>Exhibit 1</u> at page 21.

This arrangement is especially common in the area of obstetrics, where Health Centers equipped for office visits and routine care are not typically equipped for deliveries, emergent care, surgical procedures and neo-natal care. <u>See, e.g.</u>, <u>Delgado v. Our Lady of Mercy Medical Center</u>, 2007 WL 2994446, (S.D.N.Y. Oct. 9, 2007)(federally

deemed health center "fully supported and expected" that the defendant physician, practicing in obstetrics and gynecology, would need to admit and treat center patients at private hospital), discussed, *infra*, at pages 9-10. Where, as here, Plaintiff was a patient of the Health Center who presented at *Manati Medical Center* for delivery, the scope of the Health Center's grant *explicitly* covers her delivery so long as she was being treated by employees or contractors of the Health Center acting within the scope of their employment. As set forth below, Dr. Fuentes was a federal employee acting within the scope of his Health Center employment, and the FTCA is the exclusive remedy for the Plaintiffs' claims against him.

B. **The United States Is the Proper Defendant for the Claims Against Dr. Fuentes**

At the time of the incidents alleged in the Complaint, Dr. Fuentes was a Health Center Employee Pursuant to 42 U.S.C. § 233**.** It is beyond dispute that Dr. Fuentes was an employee of the Health Center, and thus a federal employee for purposes of the FTCA. First, "a contractor of the [Health Center] who is a physician or other licensed or certified health care practitioner" is a federal employee for purposes of the FTCA. 42 U.S.C. § 233(g)(1)(A), (4)[1]. Dr. Fuentes is a licensed physician who has been contracted by the Health Center since 2006. See Declaration of Dr. Eric Alicea-Martinez ("Alicea Decl."), attached hereto at Exhibit 2 and See Declaration of Dr. Hernan Fuentes-Figueroa ("Fuentes Decl.") attached hereto at Exhibit 3. Second, Dr. Fuentes received compensation directly from the Health Center and was not paid by any other source for his treatment of Plaintiff at the health center. ("Fuentes Decl.") Id. ¶ 4; Fuentes Wage Statements 2009 and 2010, attached hereto at Exhibit 4. Dr. Fuentes billed privately for labor and delivery services rendered to plaintiff Manati Medical Center as permissible under the Federal Tort Claims Policy Manual ("FTCA Manual") annexed hereto as Exhibit 5 which provides health centers with guidelines for alternate billing arrangements for services provided by health center employees or contractors to health center patients. See Fuentes Decl. ¶¶ 3-4. The FTCA Manual provides under Section I, Eligibility and Coverage, (E) Coverage under Alternate Billing Arrangements, "if an employee or contract provider, meeting all other requirements for coverage

---

[1] 42 U.S.C. § 233(g)(5) provides that for purposes of § 233(g)(1) "an individual may be considered a contractor of an entity described in [§ 233(g)(4)] only if – (A) the individual normally performs on average at least 32 1/2 hours of service per week for the entity . . .; or (B) in the case of an individual who normally performs an average of less than 32 1/2 hours of services per week for the entity . . ., the individual is a licensed or certified provider of services in the fields of family practice, general internal medicine, general pediatrics, or **obstetrics and gynecology**." 42 U.S.C. § 233(g)(5). (Emphasis added).

under FTCA, bills for a service delivered at a location not identified as a covered entity site within its approved Federal section 330 scope of project, FTCA coverage will apply".

Third, Dr. Fuentes was not employed by any other public or private medical facility, other than the Health Center, during the time of the incidents alleged in the Complaint.  See  ("Alicea Decl."), Decl. ¶ 2.

### 1. At the Time of the Incidents Alleged in the Complaint, Dr. Fuentes Was Acting Within the Scope of his Employment by the Ciales Health Center.

The U.S. Attorney has certified that Dr. Fuentes was acting within the scope of that employment at the time of the incident out of which the claim arose.  See Certification (Docket 12-4).  The Westfall Act provides that upon such certification, the action "shall be deemed an action against the United States . . . and the United States shall be substituted as the party defendant."  28 U.S.C. § 2679(d)(1).  The Act provides, however, that for purposes of substitution the certification "is provisional and subject to judicial review."  Davric Maine Corp. v. U.S. Postal Service, 238 F.3d 58, 65 (1st Cir. 2001)(citing Gutierrez de Martinez v. Lamagno, 515 U.S. 417, 434 (1995)). Although scope certifications are reviewable, however, they cannot be overturned "except where the plaintiff can convince a federal court that the government employee was acting outside the scope of his employment…" Nasuti v. Scannell, 906 F.2d 802 (1st Cir. 1990), *abrogated on other grounds* 549 U.S. 225(2007).

At the time of the incidents alleged in the Complaint, Dr. Fuentes was treating a Health Center patient, Plaintiff, when she was pre natal patient at the health center and when she presented at to Manati Medical Center for delivery, which services were explicitly included in both the Health Center's grant and the scope of Dr. Fuentes's employment.

This case is remarkably similar to the U.S. District Court for the Southern District of New York's decision in Delgado v. Our Lady of Mercy Medical Center, No. 06 Civ. 5261, at * 1-2, 2007 WL 2994446 (S.D.N.Y. Oct. 12, 2007).  There, the court held that a physician from a federally funded center, which was a deemed PHS employee, was acting within the scope of his federal employment when he performed a surgical procedure at a private hospital because (1) the defendant physician had treated the plaintiff in his capacity as an employee of the federally funded center and (2) had admitted the plaintiff to the private hospital because the federally funded center "lacked the resources for the procedure [the plaintiff] underwent."  Id. at 3-4.  Further, the court found that it was common practice for doctors at the federally funded center to admit patients to hospitals where they had admitting privileges when the treatment a patient required exceeded the capabilities of the center.  Id. at *3.  Performing the plaintiff's

surgery at an outside facility was, therefore, not a departure from the center's practices. Id. at 3-4. Indeed, the center "fully supported and expected" that the defendant physician, practicing in obstetrics and gynecology, would need to admit and treat center patients at a hospital. Id. at *3. In its decision, the court explicitly noted that, for the treatment the physician provided the plaintiff, he received compensation only from the center. Id. Thus, the court concluded that the United States would be substituted in the place of the defendant physician. Id. at *4.

This case is on all fours with Delgado. Like the plaintiffs in Delgado, Plaintiffs focus on the fact that the treatment took place at Manati Medical Center, which is not itself a federally funded entity. Id at *3. As Delgado makes clear, however, the location of the allegedly tortious conduct is not determinative in the scope-of-employment analysis. Id. at *3-4  In addition, Plaintiffs overlook the fact that Plaintiff was a Health Center patient and Dr. Fuentes was called to the hospital to treat her for that reason, being a Health Center physician. It is clear that Dr. Fuentes was acting within the scope of his federal employment when he treated Plaintiff at Manati Medical Center on or about April 2010. The Plaintiffs have alleged no facts that show otherwise. Because Dr. Fuentes was thus a federal employee acting within the scope of his employment at the relevant time, the United States should be substituted in the place of Dr. Fuentes a defendant in this suit. Accord Rosenblatt v. St. John's Episcopal Hospital, 2012 WL 294518 at *3-8 (E.D.N.Y. Jan. 31, 2012).

**C. The FTCA is a Limited Waiver of Sovereign Immunity**

Section 1346 of Title 28 of the United States Code states "subject to the provisions of chapter 171 of this title,18 the district courts shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission *of any employee of the Government while acting within the scope of his office or employment*, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1) (emphasis added).

"The FTCA is a limited waiver of sovereign immunity making the Federal government liable to the same extent as a private employee for certain torts of 'employees' acting within the scope of their employment." United States v. Orleans, 425 U.S. 807, 813 (1976). At the same time as it offers the liability of the United States to compensate victims of certain torts, the FTCA also provides:

> The remedy against the United States for . . . personal injury . . . arising or

> resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages . . . against the employee whose act or omission gave rise to the claim . . . . Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee . . . is precluded . . . .

28 U.S.C. § 2679(b)(1) (emphasis added). Accordingly, the FTCA only permits federal liability for tort claims based on the negligence or wrongful acts or omissions to act of employees of the government who are acting within the scope of their employment.

**D. The FTCA is the Exclusive Remedy for Medical Malpractice Claims against Employees of the Public Health Service**

> The remedy against the Unites States provided by sections 1346(b) and 2672 of Title 28 [FTCA provisions] . . . for damage for personal injury . . . resulting from the performance of medical, surgical . . . or related functions . . . by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee . . . whose act or omission gave rise to the claim.

42 U.S.C. § 233(a). Section 233 contains a provision that deems certain employees and contractors employees of the Public Health Service:

> [S]ubject to the approval by the Secretary [of Health and Human Services] an entity receiving Federal funds under [42 U.S.C. § 254b] and any officer, governing board member, or employee of such an entity, and any contractor of such an entity who is a physician or other licensed or certified health care practitioner . . . shall be deemed to be an employee of the Public Health Service . . . .

III. Conclusion

First, it has been shown that Dr. Fuentes as an employee of the Ciales Health Center was a federal employee for purposes of the FTCA. 42 U.S.C. § 233(g)(1)(A), (4) from 2006 to 2010. Second, Dr. Fuentes received compensation directly from the Ciales Health Center, and was not paid by any other source for his treatment of Plaintiff at the halth center. Third, Dr. Fuentes billed privately for labor and delivery services rendered to Plaintiff at the *Manati Medical Center*, as permissible under the FTCA Policy Manual, which provides health centers with guidelines for alternate billing arrangements for services provided by health center employees or contractors to health patients. And, lastly the U.S. Attorney has certified that Dr. Fuentes was acting within the scope of that employment at

the time of the incident out of which the claim arose.

In consequence, the labor and delivery services performed by Dr. Fuentes, at the *Manati Medical Center*, which is not a federal deemed health center, are also covered under the FTCA. Therefore the Amended Judgment entered in Docket 22 must be altered to dismiss the case with prejudice as to Dr. Fuentes.

WHEREFORE, the United States respectfully prays the court to modify the Amended Judgment entered on December 12, 2014 (Docket 22) by dismissing the case with prejudice as to Dr. Fuentes.

In San Juan, Puerto Rico this 9th day of January, 2015.

ROSA EMILIA RODRIGUEZ VELEZ  
United States Attorney

s/ *Agnes I. Cordero*  
Agnes I. Cordero  
Assistant United States Attorney  
USDC- PR# 126101  
Torre Chardon, Suite 1201  
350 Carlos Carlos E. Chardon Street  
Hato Rey, Puerto Rico 00918  
Tel. -787-766-5656/Fax: 787-766-6219  
Email- Agnes.Cordero@usdoj.gov

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY: that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all counsel of record.

                                                s/ *Agnes I. Cordero*
                                                Agnes I. Cordero
                                                Assistant United States Attorney