IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| MANUEL OLIVERA PAGAN, ET AL. | |
|---|---|
| Plaintiffs | CIVIL CASE NO. 14-1553-FAB |
| v. | |
| UNITED STATES OF AMERICA Defendant. | |

### UNITED STATES' MOTION IN OPPOSITION TO
### PLAINTIFFS' RESPONSE TO AMENDMENT OF JUDGMENT
### AND MEMORANDUM IN SUPPORT THEREOF

TO THE HONORABLE COURT:

COMES NOW the United States of America (hereinafter United States), through its undersigned attorneys and respectfully, shows the Court as follows:

I. **Introduction**

On January 9, 2015 the United States filed a motion to alter the amended judgment entered on December 12, 2014 (E.C.F. No. 22). The plaintiffs opposed said motion arguing that in order for Dr. Hernan Fuentes Figueroa (Dr. Fuentes) to have coverage under the Federal Tort Claims Act (FTCA) at the *Manatí Medical Center* (*MMC*), which is not a federally supported health center within the meaning of the Federally Supported Health Centers Assistance Act [(FSHCAA), 42 U.S.C. § 233(g)-(n)], Dr. Fuentes had the obligation to report and transfer, "within a reasonable period of time," all funds received by him for his services performed at *MMC* directly to the federally supported health center [*Ciales Primary Health Care Services, Inc.* (*Ciales Health Center*)]. See E.C.F. No. 24, ¶3.

The effect of the amended judgment is that it deprives Dr. Fuentes of federal coverage for the alleged damages caused during the delivery of the infant at the *MMC*. In consequence, Dr.

Fuentes will have to defend himself from the lawsuit before the Arecibo Superior Court and if found liable he will have to pay any judgment from his own pecuniary funds. And this is just opposite to the purpose of the Westfall Act [28 U.S.C. § 2679(b) (1)] which is to grant absolute immunity to federal employees (or deemed federal employees under FSHCAA) relieving them from the cost and effort of defending lawsuits, placing those burdens on government's shoulders[1].

Since the Plaintiffs are bringing a new issue not previously discussed the United States sought leave of court to brief the court in this specific aspect. The Court granted leave per order entered on January 26, 2015 (E.C.F. No. 26).

II. **Statement of the Case**

On April 14, 2014, Plaintiffs filed a medical malpractice lawsuit against the MMC, the Ciales Health Center, Dr. Fuentes, and others, before the Arecibo Superior Court, Civil Case No. C DP2014-0077. Plaintiffs claimed damages alleging defendants were negligent in providing prenatal care treatment to Daisy De Jesus Miranda and during the labor of her infant at MMC on or about April 6, 2010. Plaintiffs have not filed an administrative claim with the United States related to their claims. See Meredith Torres' Amended Declaration dated February 3, 2015, in par. 4, attached and marked as Exhibit A.

On July 11, 2014, Defendants, the Ciales Health Center and Dr. Fuentes filed a notice of removal. (ECF No. 1). On September 10, 2014, the United States Attorney for the District of Puerto Rico filed a motion to substitute the United States and also certified that the Federal Co-Defendant, Dr. Fuentes, was acting in his official capacity and within the scope of his employment as an employee of the *Ciales Primary Health Care Services, Inc.*, now kown as

---

[1] See, Osborn v. Haley, 549 U.S. 225, 253 (U.S. 2007), *infra*, at page 5.

*PryMed Medical Care, Inc.*, at the time of the conduct alleged in the complaint (E.C.F. No. 12-3).

Defendant Ciales Health Center, an entity covered by the Federally Supported Health Centers Assistance Act, 42 U.S.C. §§ 233(g)-(n), was acting within the scope of its grant and employment and, therefore, deemed to be an employee of the United States pursuant to the FTCA for the events. (E.C.F. No. 12-3). The United States Attorney Rosa Emilia Rodríguez-Vélez certified that Defendant Dr. Fuentes was an employee of the Ciales Health Center during the relevant time period and that he was acting within the scope of his employment and was deemed an employee of the United States. (Id.) The Westfall Act Notice of Substitution of the defendants, Ciales Health Center and Dr. Fuentes was filed on September 10, 2014. See, E.C.F. No. 12-1.

Two of the defendants, Dr. Fuentes and Ciales Health Center were deemed federal employees by the Department of Health and Human Services, pursuant to 42 U.S.C. § 233(h), eligible for coverage under the Federal Tort Claims Act effective January 1, 2009, and its coverage has continued without interruption since that time. Dr. Fuentes was an employee of the Ciales Health Center. Since Plaintiffs seek damages from an entity whose employees have been "deemed" to be employees of the Public Health Service, the exclusive remedy for such cases is furnished by 28 U.S.C. § 1346 (b) and § 2672. As such, the FSHCAA (codified at 42 U.S.C. § 233) provides that the exclusive remedy against such an employee is a claim against the United States under the Federal Tort Claims Act ("FTCA"). 28 U.S.C. §§ 1346(b), 2371 et seq. Plaintiffs have filed suit prior to filing an administrative claim as required by the FTCA. See, ECF 1-1.

On September 29, 2014 Plaintiffs attorney appeared on record requesting an extension until October 15, 2014 to oppose the United States' Motion to Dismiss. See, E.C.F. No. 13. Although the Court granted the extension (E.C.F. No. 15), on November 21, 2014, Plaintiffs instead chose to move for a qualified voluntary dismissal. See, E.C.F. No. 16. In the motion Plaintiffs concede that the Ciales Health Center and Dr. Fuentes while providing services in the latter facility, were indeed federal defendants and that as such the dismissal is warranted (Plaintiffs' Motion for Voluntary Dismissal, E.C.F. No. 16, ¶¶ 2-3). However, Plaintiffs contend that since the MMC is not a federal defendant, any professional services rendered by Dr. Fuentes in said facility were not covered under the FTCA, and hence, the dismissal should be without prejudice to allow them to continue the case against them before the Arecibo Superior Court. See, Plaintiffs' Motion for Voluntary Dismissal, E.C.F. No. 16, ¶¶ 4-5 and prayer for relief).

In essence, plaintiffs are requesting the Court to remand the case to the Arecibo Superior Court to continue the lawsuit against Dr. Fuentes and MMC. The Plaintiffs' request for remand should be denied because the named party, Dr. Fuentes, is a deemed federal employee, the United States Attorney certified him as such, which Plaintiffs have not properly challenged. In other words, the Plaintiffs waived not only the removal of the case but also the scope of employment certification issued by the United States Attorney in conformity with 28 U.S.C. § 510 and 28 C.F. R. § 15.3.

Plaintiffs have not followed the pertinent procedure to challenge either the removal of the action or the United States Attorney's certification of scope of employment. Absent a proper motion to challenge the certification of scope of employment, if the district court remands the case to the Arecibo Superior Court, the district court would be exceeding its authority. "[O]nce the Attorney General certified that federal employee named as defendant was acting within

scope of employment, and once cause of action was removed, <u>district court has no authority to return case to state court on ground that the Attorney General's certification was unwarranted</u>. See, <u>Osborn v. Haley</u>, 549 U.S. 225, (U.S. 2007). Emphasis added. In <u>Osborn</u>, "[t]he Supreme Court held that district court orders denying Westfall Act certification and substitution are amendable to immediate review by a court of appeals." Certification and substitution denial is immediately appealable. See Fed Tort Claims §7:6, Federal Tort Claims Database Updated June 2014 by Dan Morris, citing <u>Osborn v. Haley.</u>

Furthermore, the United States contends that is the proper party defendant and that the case is subject to dismissal with prejudice for failure to exhaust administrative remedies.

### III. Arguments

**A. Plaintiffs have not Properly Challenged the Certification of Scope of Employment Remand is Inappropriate.**

"Once the motion [to substitute] is filed, with the supporting certification, the plaintiff must come forward with competent, verified evidence, including affidavits, establishing that the defendant was not acting within the scope of his employment." <u>Wilson v. Jones</u>, 902 F.Supp. 673, 679 (E.D.Va. 1995); *see* <u>Guiterrez de Martinez v. Drug Enforcement Admin</u>. 111 F.3d 1148, 1153-54 (4th Cir. 1997) "If the plaintiff does not present such evidence, the issue is determined by the United States Attorney's certification." <u>Wilson</u>, 902 F.Supp. at 679 (citations omitted). Plaintiff has presented no motion to oppose the certification. Plaintiffs have presented no evidence addressing whether defendant Dr. Fuentes was not within the scope of his employment. Plaintiffs only assert that the defendant 'privately billed' and for that reason the United States should not be substituted.

This is not a proper basis to preclude substitution since the defendants have been properly certified. Accordingly, absent a timely challenge to the certification, the United States

Attorney's certification is final. The plaintiffs request for remand is a collateral attack of the final certification of the scope of employment. Put in other way, if Plaintiffs waived their right to challenge or oppose the certification, they will be going against their own acts. The United States should be substituted as the only proper party. Accordingly, remand is inappropriate at this juncture in that the district court has subject matter jurisdiction over actions proceeding under the FTCA and where the United States is the party.

In Natal-Rosario v. Puerto Rico Police Dept., 639 F.Supp.2d 174, (D.P.R. 2009), affirmed 410 Fed.Appx. 351, 2011 WL 291096 (police officer deputized by FBI, United States was substituted upon certification of United States Attorney that he was acting within his scope of employment); Porter v. Hirsch, 345 F.Supp.2d 400 (S.D.N.Y. 2004) (United States would be substituted as defendant in patient's medical malpractice action in place of medical facility and physicians certified by United States Attorney as Public Health Service employees who had acted within the scope of their employment in their treatment of patient).

After a certification of scope of employment is filed the burden shifts to the Plaintiff to prove the contrary by preponderance of evidence. See, Bansal v. Russ, 513 F.Supp. 2d 264 (E.D.Pa., 2007) (United States attorney's certifications that federal agents were acting within the scope of their employment at all times in connection with a criminal investigation were prima facie evidence that the challenged conduct occurred within the scope of employment and agents were immune from liability; thus defendant bore burden of providing facts to rebut the certifications.). And the plaintiff only needs to allege sufficient facts that, taken as true, would establish action exceeded scope of employment. Myvett v. Williams, 638 F.Supp.2d 59 (D.D.C. 2009).

If removal is not contested within 30-days objections to defects in removal are waived. 28 U.S.C. § 1447 (c); Wilson v. General Motors Corp., 888 F.2d 779, 781 (11th Cir. 1989). Likewise for a waiver of a motion to remand, see Lopez-Muñoz v. Triple-S Salud, Inc., 754 F.3d 1 (1st. Cir. 2014) (where Health insurer's failure to defend removal on federal officer grounds constituted waiver of removal).

**B. The United States is Entitled to Dismissal.**

It is well-settled that an FTCA claim must be dismissed if a plaintiff fails to file a timely administrative claim. *See, e.g.,* United States v. Kubrick, 444 U.S. 111, 113 (1979); Attallah v. United States, 955 F.2d 776, 779 (1st Cir. 1992); Gonzalez-Bernal v. United States, 907 F.2d 246, 248 (1st Cir. 1990). Plaintiffs was required (1) to present their claim to the United States within two years of the incident, and (2) receive a final denial of the claim or wait for the expiration of six months after the filing of the claim. *See e.g.* Ahmed v. United States, 30 F.3d 514 (4th Cir. 1994). It is unrefuted that they have failed to do so.

See, Porter v. Hirsch, 345 F.Supp.2d 400, 403 (S.D.N.Y. 2004) (dismissing FTCA claim for lack of subject matter jurisdiction in FTCA where plaintiff had not exhausted administrative remedies by presenting claim to the Department of Health and Human Services), holding that United States would be substituted as defendant in patient's medical malpractice action in place of medical facility and physicians certified by United States Attorney as Public Health Service employees who had acted within the scope of their employment in their treatment of patient.

The requirement of the filing of an administrative claim is jurisdictional and cannot be waived. Henderson v. United States, 785 F.2d 121 (4th Cir. 1986). The Supreme Court of the United States has ruled that "the FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." McNeil v. United States, 508 U.S. 106

(1993). Plaintiff has never filed a SF-95 pertaining to the allegations of this suit, and, thus, has failed to exhaust administrative remedies. See E.C.F. No. 1-1, Declaration of Meredith Torres. Indeed, Plaintiffs' response makes no representation that they have filed an administrative claim, or SF-95, in this case. Thus, pursuant to the two-year statute of limitations for filing administrative claims, the Plaintiffs' claims are time-barred and must be dismissed.

**C. HHS Policies Allow Physicians to Provide Continuity of Care in other Facilities**

"HHS policies account for the fact that federally deemed physicians must often admit patients at non-federal hospitals, in order to receive services not offered at federally deemed health centers. This concept is referred to as 'continuity of care'." Meredith Torres' Amended Decl., Exhibit A, ¶7.

The Bureau of Primary Health Care (BPHC) Policy Information Notice (PIN) 97-6 and titled "Clarification of Certain Policies and Procedures for Health Centers Deemed Covered under the FTCA for Medical/Dental Liability" was effective on 2010, provides in Section IX-7 that in-patient hospital care to health center patients is considered part of the continuity of care. *Idem.*

Also, the Policy Information Notice 2011-01 provides in its section C.5.1 at page 10 that a covered individual may followed a covered entity's patient to a local non-health center site in order to maintain continuity of care, if the service is provided at the non-health center site is within the covered entity's scope of project. *Idem.*

Dr. Fuentes' contract is herein attached as Exhibit B showing that he was contracted by the Ciales Health Center. Also, the withholding tax forms (W-2) of Dr. Fuentes are attached as Exhibit 1 of Meredith Torres' Amended Declaration (Exhibit A).

_____

## IV. Conclusion

The Plaintiffs' untimely and belated motion for voluntary dismissal asking to remand the case to the Arecibo Superior Court cannot be considered by the Court. First, as discussed above, the motion is time-barred. Second, it constitutes a collateral attack of the scope of employment certification by the United States Attorney.

Furthermore, the medical malpractice action is barred by the FTCA, for failure to file a timely administrative claim within two years of accrual of the action. 28 USC § 2401(b) "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues …"

WHEREFORE, the United States prays the Court to set aside the amended judgment entered on December 12, 2014, and to reinstate its previous judgment entered on November 24, 2014 (E.C.F. No. 18) and to dismiss the case with prejudice, for failure to file an administrative claim as required by the FTCA.

In San Juan, Puerto Rico this 6th day of February, 2015.

I hereby certify: that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all attorneys of record.

ROSA EMILIA RODRÍGUEZ VÉLEZ
United States Attorney

s/ *Agnes I. Cordero*
Agnes I. Cordero (USDC 126101)
Assistant U.S. Attorney
Torre Chardon, Suite 1201
350 Carlos Carlos E. Chardon Street
Hato Rey, Puerto Rico 00918
Tel.787-766-5656/Fax: 787-766-6219
Agnes.Cordero@usdoj.gov